The judgment of the court was pronounced by
Eustis, C. J.
This suit is instituted by the plaintiff as syndic of the creditors of Louis Schmidt v. Heirs of John Nicholson, deceased, who was originally appointed syndic of said creditors in 1840, and who died in 1848, of whom the plaintiff claims to be the successor as syndic. The petition asserts the right of the plaintiff to the papers and books of the syndicate, and the funds thereof; and alleges the neglect of the heirs to pay over the money received by their ancestor as syndic aforesaid. It pi'ays for judgment against each heir for the virile portion of each of the sum that may appear to have been due to the estate of the insolvent by the deceased, and for general relief.
The district judge sustained certain exceptions taken by the defendants to the plaintiff’s action, and dismissed the petition. The plaintiff has appealed. The substance of the exceptions on which alone the dismissal of the petition could be sustained, as presented by the counsel for the defendants in argument, appears to be: 1. That the homologation of the tableau of distribution filed by JSicholson as syndic is in law a judgment in favor of each creditor to whom a dividend is assigned, and has, in relation to the proceeds in the hands of the syndic, the authority of res judicata. That the right of each creditor is thereby limited to his recourse against *720 (jj6 Syn¿[¡C) h¡s heirs, and the security of the syndic on the bond for his dividend. 2. That the homologation of the tableau of distribution puts an end to the functjona tjj0 Syn(j¡c> _^s t0 the termination of the functions of the syndic by the homologation of the tableau of distribution, it is only necessary to observe, that whatever may have been the decisions previous to that time, the statute of 1837 is conclusive against the proposition. The act relating to insolvent estates provides, that all executors, administrators, curators and syndics shall continue in office until the estate shall be finally wound up; any law to the contrary not withstanding. Act of March 13, sec. 7.
We understand from the authorities quoted by counsel that a judgment homologating a tableau of distribution among the creditors of an insolvent to be a judgment conclusive inter se, as to the funds to be divided. But the administration not being terminated, it seems to us to be obvious, that the creditors claim on any fund not distributed and paid, or afterwards coming into the hands of the syndic, is not affected by this judgment. Until the estate is settled, their right to act through a syndic regularly appointed cannot be questioned. This mode avoids a multiplicity of actions, and cases have more than once occurred in which we have given this direction in judicial proceedings where the interests of a number of creditors were concerned. Lizardi v. Gossett, 1st Ann. 139. Green v. Weston, 14 Eng. Ch. Rep. 399. Whether this estate has been settled, and whether the creditors have or not been paid, and the syndic has fully administered on the property of the creditors received by him are matters in pays, and ought not to have been closed by the defendant’s exception.
There is a decree of the late Parish Court of New Orleans, of date the 10th of July, 1843, by which the final tableau of distribution was homologated, so far as not opposed, and it was ordered that the syndic be discharged from all further liabilities in the premises, except in regard to the oppositions on file. The oppositions were sustained, and the tableau amended accordingly. This decree was based upon the rule taken on the creditors, to show cause why the tableau should not be homologated and confirmed, and the funds paid accordingly, and the syndic discharged as prayed for. Admitting, for argument sake, that this decree as to the discharge of the syndic for any act of administration has any validity, it is clear that the discharge is coupled with the distribution of the funds. Indeed, it is founded upon the performance of that duty, and inseparable from it. Whether these funds have been so distributed is an issue between the parties in this suit. There is nothing before us which closes this investigation so far as the plaintiffs are concerned. The district court, we think, erred in sustaining the exceptions of the defendants and dismissing the plaintiff’s petition.
The judgment is therefore reversed, the defendants exceptions overruled, and the case remanded for further proceedings ; the appellees paying the costs of this appeal.